Louis L. Friedman, J.
Motion by plaintiff to restore an action to the calendar. Although it is not stated in the notice of motion or the affidavit in support thereof, what plaintiff actually seeks is to vacate a settlement.
The moving papers fail to reveal the full circumstances surrounding such settlement. They merely indicate that an offer of settlement in the amount of $7,000 was obtained on October 22, 1959 and was submitted to the guardian ad litem for consideration and was not accepted by her. The affidavits in opposition, however, are more detailed. They show that on September 21, 1959, when this Justice was presiding in Trial Term, Part I, extended settlement negotiations in this action took place before the court. It was the policy of this Justice when presiding in said Part that only attorneys having full authority to make binding settlements undertake such negotiations. If an attorney did not have such authority then the *530 court required the client to be present during these negotiations. The defendants or insurance carriers were likewise required to be represented by “top” claims men or attorneys with full authority to consummate binding settlements. Because of this policy a great number of cases were disposed of without the necessity of trial.
In this case the court recalls having insisted that Mr. Maye, a claims representative with full authority to settle these actions, appear personally. After extended negotiations and at the suggestion and urging of the court, Mr. Maye offered an amount in excess of what he originally intended to pay. The court urged the payment of this increased amount only after being advised by plaintiff’s attorney that he had full authority to settle the action and that the sum of $7,000 would be acceptable to his client. With this assurance given to the court and Mr. Maye, the case was marked settled for said sum.
Now, more than 18 months thereafter this motion is brought on. The moving papers fail to reveal any merit to the application. The great volume of litigation in our courts as a result of increases in population, traffic and other circumstances, have made it necessary for the court, due to its limited judicial personnel, to prescribe methods for more speedy disposition of pending matters. Pretrials, as prescribed by our Appellate Division, serve a most useful purpose, for without this practice litigants would encounter needless delay in having their causes heard. Through the sincere co-operation of Bench and Bar the delay in our Trial Calendar has been held to a minimum.
To permit a settlement, entered into without compulsion by an attorney who assured the court that he had full authority to negotiate therefor and to make a binding settlement, to be vacated more than 18 months after it was entered into, would set a precedent that would stultify the entire procedure of settling cases and abort our pretrial practice. At the time of the settlement negotiations, the court was very well aware that an infant’s rights were involved and considered the liability questions presented as well as the extent of the injuries sustained by this plaintiff, before orally approving the amount of the settlement. No affidavit is submitted by the guardian ad litem indicating any reasons why she is now displeased with the settlement. On aE the facts before the court, motion is denied.